**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | **Case No. 20-cr-00181-GLR** |
| **v.** | * | |
| | * | |
| **QUANTAE BUTLER** | * | |
| | * | |
| | * | |
| **Defendant** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION AND ORDER OF COURT**

This matter is before the Court on the defendant's Reconsideration of Detention Order, Request for Temporary Release, and/or Emergency Medical Treatment (the "Motion") (ECF No. 27) and the government's Response in Opposition to Defendant's Review of Detention Order and for Temporary Release (the "Response") (ECF No. 32). The issues have been fully briefed, and no hearing is necessary. L.R. 105.6, 207. For the reasons stated below, the Motion is **DENIED**.

I. PROCEDURAL HISTORY

On July 8, 2020, a federal grand jury returned an indictment charging the defendant with Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1); Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). The defendant appeared for his initial appearance on October 21, 2020. On October 23, 2020, the defendant appeared before this Court for a detention hearing.

## II.  BAIL REFORM ACT

Pretrial detention and release are governed by the Bail Reform Act ("BRA").  18 U.S.C. §§ 3141 *et seq.*  The government is permitted to seek pretrial detention of the defendant in this case because the defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*) and a felony that involves the use or possession of a firearm.  *Id.* § 3142(f)(1)(C) & (E).  In fact, a rebuttable presumption of detention applies in this case because the defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act and an offense under 18 U.S.C. § 924(c).  *Id.* § 3142(e)(3)(A) & (B).  Where the presumption can be rebutted, the BRA requires the Court to order the pretrial release of the person "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community."  *Id.* § 3142(c)(1)(B).  If, however, the Court finds after a detention hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court "shall order the detention of the person before trial."  *Id.* § 3142(e)(1).  "The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."  *Id.* § 3142(f).  On the other hand, where risk of flight is the basis of a detention order, the government must prove by a preponderance of the evidence that no combination of conditions of release will reasonably assure the defendant's presence at future court proceedings. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (per curiam).

2

The Court's determination is governed by four factors:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1951, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device;

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including –

(A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## III.  REOPENING THE DETENTION HEARING

After hearing from the parties at the detention hearing, the Court reviewed the factors set forth in 18 U.S.C. § 3142(g) and found that the defendant had not introduced sufficient evidence to rebut the presumption of detention.  Therefore, the Court ordered that the defendant be detained.  *See* Order of Detention Pending Trial (ECF No. 11).  The defendant is presently housed at the Chesapeake Detention Facility ("CDF") in Baltimore.  The defendant now moves to reopen the detention hearing.  Indeed, under 18 U.S.C. § 3142(f), a detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The defendant argues that the detention hearing should be reopened because information exists that was not known to him at the time of the detention hearing, and that this information has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance as required and the safety of any other person and the community. The defendant asserts that "there has been a significant change in circumstance since previous detention orders." Motion (ECF. 27 at 1). As noted at the detention hearing, the defendant was the victim of a shooting in 2017, which resulted in chronic pain and nerve damage to his left arm, left leg, and lower back. He now asserts that he is not receiving adequate care for these issues at CDF and that his condition has deteriorated. Specifically, he claims that his back is "locking up on him," that he is losing sensation in his leg, and that his is in constant pain. He alleges that medication dispensed to him at CDF provides only minimal pain relief. He has been advised that he requires care outside of CDF to adequately address his nerve issues. He also claims that he suffers from unspecified respiratory issues. Motion (ECF No. 27 at 3). Other than these bald statements, however, the defendant does little to substantiate such a significant deterioration of his condition to the extent it requires care outside of CDF. Notwithstanding the production of voluminous medical records, the defendant does not direct the Court's attention to any entries in the medical records to substantiate his claims. The government, on the other hand, cites to entries in the defendant's medical records that indicate that his pain has improved with medication. Response (ECF No. 32 at 4). The defendant also cites the recent increase in COVID-19-positive cases at CDF as a change in circumstances since the detention hearing. Motion (ECF No. 27 at 3). The defendant does not assert that he has contracted COVID-19 while at CDF or that he has been exposed to anyone who has tested positive for the virus.

The Court acknowledges the recent significant increase in COVID-19-positive cases at CDF, which, arguably, constitutes new information that was not known to the defendant at the time of the detention hearing. Additionally, although the Court is not convinced that the defendant's physical condition has deteriorated to the extent that it constitutes a change in circumstance, for the sake of this argument, the Court will assume it does.

To reopen the detention hearing, however, the defendant must also establish that the new information has a *material* bearing on the issue whether conditions of release can be fashioned to reasonably assure the appearance of the defendant as required and the safety of any other person and the community. In a recent case, United States District Judge Stephanie A. Gallagher addressed the issue of the materiality of a defendant's medical condition in the context of the BRA factors. She stated:

> Congress carefully prescribed the factors that a court should consider in weighing whether a particular defendant should be detained or released before trial. *See generally* 18 U.S.C. § 3142(g). None of those factors refers specifically to the health of the defendant, or to whether the conditions of incarceration threaten the defendant's well-being. Instead, Congress focused the required inquiry on the defendant's risk of nonappearance, and the danger that the defendant's release would pose to other individuals. In some circumstances, clearly, a particular defendant's medical condition could reduce that defendant's risk of flight or danger to the community, and the health condition would therefore fall within the factors appropriately considered in the context of § 3142(g). Absent those circumstances, however, a particular defendant's health conditions, and the possible risks posed to the defendant by incarceration, do not affect the § 3142(f) and (g) analysis. *See, e.g.*, *United States v. Clark*, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020) ("A defendant's concerns that he or she would face heightened COVID-19 risks if incarcerated would not typically factor into a § 3142(f) analysis, which focuses on whether the court can fashion conditions of release that will reasonably assure the defendant is not a risk of nonappearance or a risk of harm to any others or the community. The risk of harm *to the defendant* does not usually bear on this analysis."); *United States v. Lawton*, Crim. No. CR419-102, 2020 WL 1984897, at *1 (S.D. Ga. April 27, 2020) (same); *United States v. Whyte*, Crim. No. 3:19-cr-64-1 (VLB), 2020 WL 1911187, at *4 (D. Conn. April 8, 2020) (analyzing medical conditions under § 3142(i)); *United States v. Aguirre-Maldonado*, Crim. No. 20-cr-53 (NEB/TNL), 2020 WL 1809180, at *1 (D. Minn. April 9, 2020) ("While the Court appreciates the unprecedented nature of the COVID-19 pandemic, Defendant has offered no reason why the pandemic would reduce his risk of nonappearance or the risk that he poses to the community.");

*United States v. Lee*, No. 19-cr-298 (KBJ), 2020 WL 1541049 (D.D.C. March 30, 2020) ("[T]he relevant statutory inquiry [under § 3142(g)] is *not* the benefits that a defendant's release would bring about (however significant) or the harms that his incarceration would cause (however substantial). Rather, the statute requires the Court to evaluate "*the danger*" that "would be posed *by the person's release*.") (emphasis in original).

*United States v. Gallagher*, Criminal No. SAG-19-0479, 2020 WL 2614819, at *3 (D. Md. May 22, 2020) (alteration in original).

Given this legal framework, the Court is not persuaded that the defendant's health conditions, and the possible risks posed to the defendant by continued detention, affect the § 3142(f) and (g) analysis. Simply stated, the defendant's physical condition (even assuming it is deteriorating) and the increase in COVID-19-positive cases at CDF do not reduce the risk of flight or danger to the community the defendant would pose if released. Therefore, the defendant has not established sufficient grounds to require the Court to reopen the detention hearing. Nevertheless, the Court will give the defendant the benefit of the doubt and proceed with a *de novo* review of the factors set forth in 18 U.S.C. § 3142(g), including the new information, to determine if there are conditions of release that could be fashioned to reasonably assure the safety of any other person and the community if he is released.

Regarding the nature and circumstances of the offense charged, the defendant is charged with an offense involving a controlled substance and an offense involving a firearm. *See* 18 U.S.C. § 3142(g)(1). Regarding the weight of the evidence against the defendant, the Court finds that the weight of the evidence against the defendant is strong. At the detention hearing on October 23, 2020, the government proffered the following facts. On April 16, 2020, law enforcement officers stopped the defendant's vehicle for expired tags. They noticed the odor of marijuana coming from the vehicle. The defendant admitted that he had smoked marijuana earlier. A search of the vehicle yielded 30 grams of marijuana, 16 vials of cocaine, over $700 in

cash, and a loaded handgun.  In a video confession, the defendant admitted that he purchased the handgun for $400.  *See id.* § 3142(g)(2).

Regarding the history and characteristics of the defendant, the Court reviewed the Pretrial Services report that summarized the defendant's residential history and family ties, his employment history and financial resources, his health, and his criminal record.  The defendant's criminal record is significant.  As a juvenile, he was found delinquent or guilty of possession of a deadly weapon (1992), having a handgun on his person (1993), and possession with intent to distribute a controlled dangerous substance (1994).  He was found in violation of probation for the 1993 handgun charge.  As an adult, he has been convicted of unlawful manufacture of a controlled dangerous substance (1996), possession of a firearm by a convicted felon and felon in possession of ammunition (2002 – in federal court), and possession of a firearm and ammunition by a felon (2013 – in federal court).  The last federal offense of possession of a firearm and ammunition by a felon occurred just three months after the termination of supervised release for the first federal offense.  His record also reflects one additional finding of violation of probation and issuance of several warrants for failure to appear.  *See id.* § 3142(g)(3).

Finally, regarding the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, the Court finds that the defendant would pose a serious danger to the community if released based on several factors.  Notably, the adverse impact that the injuries sustained in the 2017 shooting might have had on his health did not deter the defendant from engaging in the instant criminal conduct.  If convicted, this will be the defendant's third conviction in this court for a firearms offense, and the fifth overall.  He has been convicted of two felony controlled-dangerous-substance offenses.  He has violated probation in the past and has been the subject of several warrants for failure to appear.  As

mentioned above, the second federal firearms offense occurred just three months after supervised release terminated on the first.  *See id.* § 3142(g)(4).

After reviewing *de novo* the § 3142(g) factors, including the new information regarding the defendant's health conditions and the recent increase in COVID-19 cases at CDF, the Court affirms its prior finding that the presumption of detention has not been sufficiently rebutted.

## IV.  TEMPORARY RELEASE UNDER § 3142(i)

The defendant also urges the Court to order his temporary release under the provisions of 18 U.S.C. § 3142(i).  Under 18 U.S.C. § 3142(i), the Court "may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."[1]

Regarding whether the defendant has established "another compelling reason" for temporary release, the Fourth Circuit has directed the Court to

> consider in the first instance the severity of the risk that the COVID-19 virus poses to the defendant, given his existing medical conditions and the current COVID-19 situation at the facility where he is being held, and whether that risk, balanced against the other Bail Reform Act factors, rises to the level of a "compelling reason" for temporary release under 18 U.S.C. § 3142(i).

*United States v. Creek*, No. 20-4251, Order at 1 (4th Cir. Apr. 15, 2020).

The first factor to consider is the severity of the risk that the COVID-19 virus poses to the defendant.  The defendant does not articulate the particular risk posed to him by the COVID-19 virus.  The defendant claims that he suffers from unspecified respiratory issues and neurologic issues affecting his extremities.  According to the Centers for Disease Control and Prevention

---

[1] The defendant has not argued that release, temporary or otherwise, is necessary for the preparation of his defense.

(the "CDC"), adults of any age suffering from certain respiratory and neurologic conditions (such as dementia) are or might be at an increased risk for severe illness from the virus that causes COVID-19.  *Certain Medical Conditions and Risk for Severe COVID-19 Illness*, Ctrs. for Disease Control & Prevention (Feb. 3, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html/.  It does not appear that the type of neurologic issues from which the defendant suffers falls within the list of risk factors outlined by the CDC.  Similarly, without more, the Court cannot conclude that the defendant is particularly at risk because of the unspecified respiratory issues.

The risk to the defendant based on his medical conditions must now be evaluated in the context of the current COVID-19 situation at CDF.  The Court acknowledges the significant increase in the number of COVID-19-positive cases at CDF in recent weeks.  That is undisputed.  The risk that the COVID-19 virus poses to the defendant, given his health conditions and the current conditions at CDF, is difficult to quantify.  Logically, the greater the number of people who have contracted the virus to whom the defendant is exposed, the greater the chance that he will contract it.  Notwithstanding the significant increase in positive cases at CDF, the defendant has not contracted the virus.  Arguably the preventive measures recently implemented at CDF have been effective to protect the defendant from contracting the disease.  The defendant's argument rests primarily on a generalized risk of exposure and contraction of COVID-19 because of the recent increase in positive cases at CDF.  He does not, however, offer any individualized assessment that he is at any greater risk than any other detainee.

Finally, under the Fourth Circuit's directive in *Creek*, the Court must address whether the risk that the COVID-19 virus poses to the defendant, given his existing medical conditions and the current COVID-19 situation at CDF, balanced against the other BRA factors, rises to the

level of a "compelling reason" for temporary release under 18 U.S.C. § 3142(i).  The defendant

has the burden to show that circumstances warranting temporary release under § 3142(i) exist.

*United States v. Sanders*, 450 F. Supp. 3d 1123, 1127 (D. Kan. 2020).[2]  "The question for the

Court is whether the COVID-19 health risks to the Defendant, should he remain detained,

outweigh those traditional Section 3142(g) factors *and* the COVID-19 health risk to the

community that Defendant's release could occasion."  *United States v. Hernandez*, No. PX-19-

158-9, slip op. at 5-6 (D. Md. Apr. 29, 2020).  Given the Court's original finding that the

defendant failed to rebut the presumption of detention in this case, the Court finds that, balanced

against the other BRA factors, the risk that the COVID-19 virus poses to the defendant, given his

existing medical condition and current COVID-19 situation at CDF, does not rise to the level of

a "compelling reason" for temporary release under 18 U.S.C. § 3142(i).

## <u>ORDER</u>

Accordingly, it is this 12th day of February 2021, hereby **ORDERED** that the

defendant's Reconsideration of Detention Order, Request for Temporary Release, and/or

Emergency Medical Treatment (ECF No. 27) is **DENIED**.

_____<br>
/s/<br>
Thomas M. DiGirolamo<br>
United States Magistrate Judge

---

[2] The Court finds that the defendant has failed to sustain the burden of establishing that his neurologic conditions related to the injuries he sustained in the 2017 shooting warrant temporary release.  As stated earlier, those claims are not sufficiently substantiated.